Dykman, J.
This is an appeal, by the plaintiff, from a judgment of the county court of Dutchess county, reversing a judgment rendered in their favor by a court of a justice of the peace.
The action was one arising on contract, and the plaintiff made a written complaint, properly verified, and a copy of such complaint was personally served upon the defendant, with a copy of the summons, in the manner authorized and provided by section 1 of chapter 414 of the Laws of 1881.
The defendant failed to appear and answer the complaint at the time of the return of the summons, and the justice of the peace thereupon entered judgment in favor of the plaintiff, against the defendant, for the amount demanded in the complaint, with costs, without further proof, as he was authorized to do by section 3 of the same law.
The defendant appealed from the judgment to the county court, and contended there, as he now contends, that the justice had no jurisdiction, and the county court so decided and reversed the judgment on that ground.
With the utmost respect for the county court, and for *507 the able and fair-minded county judge of Dutchess county, we are led to a different conclusion.
The service of a copy of the summons and complaint was made upon the defendant personally at Amenia. That place is in Dutchess county, as we know from our liberty to take judicial notice of the geographical divisions of the state.
A justice of the peace is a county officer, and process from his court runs to every part of his county, and therefore the return of the summons to the justice with proof of personal service upon the defendant in his county gave him jurisdiction of the person of the defendant. He plainly had jurisdiction of the subject of the action, and thus his jurisdiction over the case was completed, and ample to justify the rendition of the judgment from which the appeal was taken.
Ho other ground of error was assigned, and it follows that the judgment of the county court should be reversed with costs, and the judgment of the justice court should be affirmed with costs.
Barnard, P. J., and Pratt, J., concur.